FILED

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

02 OCT 31 AM 9:50
U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| **BILLY RAY CRUMPTON, et al.,** | ) |
| Plaintiff(s), | ) |
| vs. | ) CV-02-N-1469-S |
| **BAYER CORPORATION, et al.** | ) |
| Defendant(s). | ) |

**Memorandum of Opinion**

ENTERED
OCT 31 2002

### I.  Introduction

Before the court is plaintiffs Billy Ray Crumpton and Carol Crumpton's motion to remand (Doc. #13), filed July 18, 2002. The issues have been briefed by all parties and are now ripe for decision. Upon due consideration, the motion will be denied.

### II.  Facts

Plaintiff Billy Ray Crumpton ("Mr. Crumpton") suffered a sudden hemorrhagic stroke on May 16, 2000. Plaintiffs allege that Mr. Crumpton's stroke occurred as a result of his ingestion of Alka-Seltzer Plus, a cold medication containing the drug phenylpropanolamine ("PPA"). Mr. Crumpton allegedly purchased the Alka-Seltzer Plus from the Flying J Travel Plaza located in McCalla, Alabama.

Plaintiffs filed this action in the Circuit Court of Jefferson County, Alabama, Bessemer Division, on April 24, 2002. In their initial complaint, Plaintiffs named Bayer Corporation ("Bayer"), Flying J, Inc. ("Flying J"), and several fictitious parties as defendants. Mr. Crumpton asserted claims of negligence and strict products liability against Bayer and a claim of strict products liability against Flying J. Ms. Crumpton asserted a claim of loss of consortium against all of the



defendants. At the time of Plaintiffs' initial complaint, all parties to the action were diverse. On May 24, 2002, Plaintiffs amended their complaint, adding Flying J employee Michael Gaye ("Gaye") as a defendant. In their amended complaint, Mr. Crumpton asserted a claim of strict products liability against Gaye and Ms. Crumpton asserted a claim of loss of consortium against Gaye. On August 20, 2002, Plaintiffs further amended their complaint, with Mr. Crumpton adding a claim of negligence against Flying J and Gaye. Plaintiffs seek unlimited damages.

Bayer is a corporation organized under the laws of Indiana with its principle place of business in Pennsylvania. Flying J is a corporation organized under the laws of Utah with its principle place of business in Utah. Plaintiffs are citizens of Alabama. Gaye is a citizen of Alabama, whose addition to this action potentially destroys federal diversity jurisdiction. Bayer timely removed this action on June 17, 2002 on the ground of federal diversity jurisdiction, however, claiming that Plaintiff fraudulently joined Gaye. Plaintiffs' motion to remand followed on July 18, 2002.

### III.     Discussion

Defendants argue that this court should deny Plaintiffs' motion to remand because jurisdiction is proper pursuant to 28 U.S.C. § 1332, which provides that "the district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states." 28 U.S.C. § 1332(a) (2001). Plaintiffs assert that complete diversity between the parties is lacking because defendant Gaye, who is a citizen of Alabama, is not diverse as to them. *See Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1359 (11th Cir. 1996) (overruled on other grounds) (stating that complete diversity of the parties is necessary to confer diversity jurisdiction on the district court). Defendants argue, however, that complete diversity is present because Plaintiffs fraudulently joined Gaye. *See*

2

*Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440 (11th Cir. 1983) (finding that when a party is fraudulently joined to a law suit, that party's citizenship cannot defeat diversity jurisdiction).

The Eleventh Circuit has noted, "Fraudulent joinder is a judicially created doctrine that provides an exception to the requirement of complete diversity." *Triggs v. John Crump Toyota*, 154 F.3d 1284, 1287 (11th Cir. 1998). There are three situations in which joinder is deemed fraudulent, such that the citizenship of the joined party is not considered for diversity purposes. *Id*. The first situation occurs when "there is no possibility that the plaintiff would be able to establish a cause of action against the resident defendant in state court." *Coker*, 709 F.2d at 1440. The second situation occurs when there is outright fraud in the plaintiff's pleading of jurisdictional facts. *Triggs*, 154 F.3d at 1287. The final situation, based upon the requirements of permissive joinder under Fed. R. Civ. P. 20, occurs when diverse defendants are joined with non-diverse defendants as to whom there is no joint, several, or alternative liability and the claims against the non-diverse defendants have no real connection to the claims against the diverse defendants. *Tapscott*, 77 F.3d at 1360.

Defendants argue that the first situation is present in this case. More specifically, Defendants assert that Mr. Crumpton would not be able to establish a cause of action in state court against Gaye under the Alabama Extended Manufacturers Liability Doctrine ("AEMLD"), because "there is no causal relationship between [Gaye's] conduct and the allegedly defective over-the-counter cold medicine sold by his employer, Flying J, Inc." (Defendant's opposition to Plaintiff's motion to remand). Additionally, Defendants argue that Ms. Crumpton could not establish a cause of action for loss of consortium in state court against Gaye because the claim is derivative of Mr. Crumpton's deficient AEMLD claim. *See Georgia Power Co. v. Partin*, 727 So. 2d 2, 6 (Ala. 1998) (noting that a loss of consortium claim is derivative of a claim of an injured spouse and that success of such a

claim depends on proof that the spouse's injury was caused by the defendant's wrongful act).

In *Crowe v. Coleman*, the Eleventh Circuit fully addressed the standard to be applied in resolving a claim of fraudulent joinder:

> The burden of the removing party is a "heavy one." *B, Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. Unit A 1981). To determine whether the case should be remanded, the district court must evaluate the factual allegations in the light most favorable to the plaintiff and must resolve any uncertainties about state substantive law in favor of the plaintiff. *Id* at 549. . . . When considering a motion for remand, federal courts are not to weight the merits of a plaintiff's claim beyond determining whether it is an arguable one under state law. *See id.* "If there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court." *Coker v. amoco Oil Co.*, 709 F.2d 1433, 1440-41 (11th Cir. 1983), superseded by statute on other grounds as stated in *Georgetown Manor, Inc. v. Ethan Allen, Inc.*, 991 F.2d 1533 (11th Cir. 1993).

113 F.3d 1536, 1538 (11th Cir. 1997).

There are presently three claims asserted against Gaye in this action: strict products liability and negligence, asserted by Mr. Crumpton, and loss of consortium, asserted by Ms. Crumpton. These claims will be treated individually.

   A.  *Strict Liability Claim*

Under the AEMLD, if a "manufacturer, or supplier, or seller, . . . markets a product not reasonably safe when applied to its intended use in the usual and customary manner, [such conduct] constitutes negligence as a matter of law." *Casrell v. Altec Indus., Inc.*, 335 So. 2d 128, 132 (Ala. 1976). Consequently, an obvious threshold inquiry to a finding of liability under the AEMLD is determining if Gaye is a "seller" of the allegedly defective product. This court holds that the AEMLD does not include store managers in Gaye's position as "sellers." *See In re Rezulin Prods.*

4

*Liab. Litig.*, 133 F. Supp. 2d 272, 287-88 (S.D.N.Y. 2001) (applying Alabama law, the MDL court held that "the AEMLD imposes liability only on manufacturers, sellers and suppliers" not on "a corporate employee." (quoting *Atkins v. American Motor Corp.*, 335 So. 2d 134, 139 (Ala. 1976))); *Bowman v. Coleman Co., Inc.*, No. 96-0448-P-C (S.D. Ala. Sept. 3, 1996) (holding that a store manager had been fraudulently joined to the action under a strict products liability theory because "neither applicable case law nor the policy objectives articulated by Alabama and other state courts can support the extension of the AEMLD to encompass salespersons, store managers, or other agents of a retailer.").

In *Bowman*, a factually similar case from the Southern District of Alabama, the court reasoned that "the policy aims [of the AEMLD] would not be furthered by sweeping individuals such as [store managers] within the doctrine's ambit." *Bowman*, slip op. at 6. The *Bowman* court reached this conclusion by recognizing that the store manager had no real authority to compel or prevent distribution of products. *Id*. at 7. Additionally, the store manager had no power to "exert pressure on manufacturers to improve the safety of their products" and should therefore no be required to bear the risk of such products being defective. *Id*. Gaye is in the same position as the store manager was in *Bowman* and should likewise not be held liable for potentially defective products that he has no regulatory power or control over. Consequently, Gaye is outside the reach of Plaintiff's strict products liability claim in this matter.

In light of this analysis, this court is of the opinion that there is no possibility that Mr. Crumpton could successfully assert his AEMLD claim against Gaye in Alabama state court.

   B. <u>Negligence Claim</u>

According to the original version of Fed. R. Civ. P. 1447(c), "if at any time before final

5

judgment it appears that the case was removed improvidently and without jurisdiction, the district court shall remand the case . . . ." Under this version, the Eleventh Circuit has consistently held that "the proper inquiry was whether the court had jurisdiction *at the time of removal.*" *Poore v. American-Amicable Life Ins. Co. of Tex.*, 218 F.3d 1287, 1289 (11th Cir. 2000) (emphasis added). In other words, if a district court has jurisdiction at the time of removal, then that jurisdiction is unaffected by subsequent acts, such as loss of diversity, that would otherwise destroy federal jurisdiction. *Id.*; *See also Freeport-McMoRan, Inc. v. KN Energy, Inc.*, 498 U.S. 426, 428 (1991) (noting that the Supreme Court has "consistently held that if jurisdiction exists at the time an action is commenced, such action may not be divested by subsequent events"); *Doddy v. Oxy USA, Inc.*, 101 F.3d 448, 456 n.4 (5th Cir. 1996) (explaining that a district court's jurisdiction is fixed at the time of removal).

After the 1998 amendments to Fed. R. Civ. P. 1447(c), questions arose as to whether the time of removal remained the focus of inquiry on federal jurisdiction analysis. *See Poore*, 218 F.3d at 1290; *Baldridge v. Kentucky-Ohio Trans., Inc.*, 983 F.2d 1341 (6th Cir. 1993). Every Circuit that has addressed this question has held that the proper inquiry is still whether the court had jurisdiction at the time of removal. *Poore*, 218 F.3d at 1290. Accordingly, in *Poore*, the Eleventh Circuit held that "the amendments to § 1447(c) did not alter the fact that . . . the district court must determine whether it had subject matter jurisdiction *at the time of removal.*" *Id.* at 1290-91 (emphasis added).

Defendants' notice of removal was filed on June 17, 2002. At that time, the only causes of action asserted against Gaye was a strict products liability claim asserted by Mr Crumpton and a loss of consortium claim asserted by Ms. Crumpton. Plaintiffs did not add their negligence claim against Gaye until August 20, 2002. Because Plaintiffs did not add the negligence claim against Gaye until

6

after Defendants filed their notice of removal, this court cannot consider that claim in its federal diversity analysis.

### C. *Loss of Consortium Claim*

"Loss of consortium is a derivative tort which exists only if the defendant is also liable in tort to the spouse who is unable to provide consortium. Proof of the underlying tort against the spouse is a necessary element of a loss of consortium claim." *Johnson v. Wal-Mart Stores, Inc.*, 987 F. Supp. 1398, 1406 (M.D. Ala. 1997). Therefore, because Mr. Crumpton cannot prevail on his AEMLD strict products liability claim, Ms. Crumpton cannot prevail on her derivative loss of consortium claim against Gaye.

## IV. Conclusion

Based on the foregoing, the court finds that Plaintiffs have fraudulently joined Michael Gaye to this lawsuit. Accordingly, the motion to remand is due to be denied. A separate order will be entered in conformity with the memorandum of opinion.

Done, this 30th day of October, 2002.

EDWIN L. NELSON
UNITED STATES DISTRICT JUDGE

7